■ In the Matter of the Claim of MARTIN H. ROTTER, Appellant. JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [648 NYS2d 748] —Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 20, 1995, which, *inter alia*, ruled that claimant was ineligible to receive unemployment insurance benefits because he was not totally unemployed.

Claimant collected unemployment insurance benefits while engaged in activities on behalf of his own business. The Board found him ineligible to receive unemployment insurance benefits because he was not totally unemployed. In addition, the Board charged him with a recoverable overpayment of benefits and reduced his right to receive future benefits on the basis that he made willful false statements. Claimant argues, *inter alia*, that he did not report his business activities to the local unemployment insurance office because he was not receiving any compensation and, therefore, the Board's finding of willful misrepresentation must be reversed. We find this argument unpersuasive.

Claimant was the vice-president and 80% shareholder of a sweater manufacturing company. He invested $125,000 in the business and obtained a $100,000 loan. Claimant transferred the business losses from the corporation to his personal income

tax return for 1994. He also wrote checks from the corporate checking account. Claimant did not report his activities to the local unemployment insurance office because he did not draw a salary from January 1, 1994 through May 1994. In view of the pervasiveness of claimant's activities on behalf of the corporation as well as the fact that the questionnaire did not inquire only about remunerative employment, we find that substantial evidence supports the Board's decision that claimant was not totally unemployed and that he made willfully false statements to obtain benefits (*see, Matter of Egbuna [Hudacs]*, 198 AD2d 577). We have considered claimant's remaining claim and find it to be without merit.

Cardona, P. J., Mikoll, Crew III, Casey and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.